F I L E D
United States Court of Appeals
Tenth Circuit

JUL 2 1999

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

In re:

RIVERMEADOWS ASSOCIATES,
LTD., a California limited partnership,

Debtor.

JEFF WANAMAKER,

Appellant,

v.

THOMAS M. FALCEY, TOM H.
CONNOLLY, trustees; DONALD
H. ALBRECHT,

Appellees.

No. 98-8072
(D.C. No. 98-CV-56-B)
(D. Wyo.)

ORDER AND JUDGMENT   *

Before **LUCERO** , **BARRETT** , and **McKAY** , Circuit Judges.

---

*    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This appeal arises from the district court's affirmance of the bankruptcy court's order denying appellant Jeff Wanamaker's application for reimbursement of attorney fees and costs. The history of litigation between these parties is lengthy and complex, and much of the background was set out by this court in *Wanamaker v. Albrecht*, No. 95-8061, 1996 WL 582738 (10th Cir. Oct. 10, 1996).

Pursuant to a settlement agreement, Donald Albrecht executed a promissory note in favor of Wanamaker for $3,500,000. Albrecht defaulted, and Wanamaker obtained a judgment on the note in a California court against Albrecht and his wife. Both the note and the California judgment on the note provided for recovery of post-judgment attorney fees and costs. Wanamaker domesticated the judgment in Wyoming. In an attempt to execute on the judgment, Wanamaker filed suit in Teton County, Wyoming, against, among others, the Albrechts and an entity in which Albrecht had a large ownership interest, Rivermeadows Associates, Ltd. Some time after that suit was filed, Rivermeadows and the Albrechts filed Chapter 11 bankruptcy petitions.

Wanamaker filed proofs of claim in both bankruptcy estates, and, after extensive negotiations, Wanamaker entered into a settlement agreement with the Chapter 11 trustees of the Albrecht and Rivermeadows bankruptcy estates. The settlement agreement provided for payment in full of Wanamaker's claims against the Albrechts and the claims that Wanamaker asserted against Rivermeadows in his attempt to satisfy the judgment against the Albrechts. The agreement provided that payment to Wanamaker was to be made out of the Rivermeadows estate in exchange for his assignment of the California judgment against Albrecht and other rights and interests he had obtained in enforcing the judgment. The settlement agreement specified that Wanamaker's claim included "all principal, interest, attorneys' fees and costs recoverable pursuant to the California Judgment, regardless of when incurred, through the date of payment in full on the Wanamaker Claim." Appellant's App. at 22.

Pursuant to Fed. R. Bankr. P. 9019(a), the parties moved the bankruptcy court for approval of the settlement agreement, and the bankruptcy court entered an order approving the settlement agreement subject to one exception. With regard to the provision to pay Wanamaker's post-petition attorney fees and costs, the bankruptcy court ordered that "the trustees do not have the ability to bargain away the court's authority under [11 U.S.C.] § 506(b) [to review and allow attorney fees sought as part of a secured claim], even if they can negotiate their

own assessment of a claim." *Id.* at 61. The bankruptcy court ordered that it would entertain an application under § 506(b) for attorney fees and costs.

Wanamaker filed an application for attorney fees and costs pursuant to § 506(b). Both Albrecht and the trustee of the Albrecht estate, and the Rivermeadows estate trustee commented on the application. The bankruptcy court denied the application, finding that Wanamaker was not entitled to fees and costs under § 506(b). The court considered relevant Supreme Court and bankruptcy court case law and interpreted that statute as allowing fees and costs to an oversecured creditor only when fees and costs are provided for "under <u>the</u> agreement <u>under which</u> the allowed secured claim arose. (Emphasis provided)." Appellant's App. at 161 (citing § 506(b)). The bankruptcy court found that the allowed secured claim arose out of a judgment, which is a nonconsensual lien. *Id.*

On appeal, the district court affirmed the bankruptcy court's denial of the application for attorney fees and costs. The district court agreed with the bankruptcy court's interpretation of § 506(b) and held that fees and costs were not allowable under that section because the secured claim arose from the nonconsensual state court judgment, and not from the consensual settlement agreement. We review the district court's interpretation of a federal statute *de novo*. *See F.D.I.C. v. Canfield*, 967 F.2d 443, 445 (10th Cir. 1992). "When an issue concerns a question of law, the standard of review on appeal is the same

-4-

as that applied by the trial court in making its initial ruling. Thus, we afford no deference to the district court's opinion." *Gledhill v. State Bank of S. Utah (In re Gledhill)*, 164 F.3d 1338, 1340 (10th Cir. 1999) (citations omitted). Guided by these standards, we affirm.

The statute we are called upon to interpret, 11 U.S.C. § 506(b), provides:

> To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement under which such claim arose.

We recently interpreted this statute in *In re Gledhill*, 164 F.3d at 1340-43. Guided by the Supreme Court's decision in *United States v. Ron Pair Enters., Inc.,* 489 U.S. 235 (1989), we held that "only creditors having oversecured consensual claims may recover attorney fees, costs, or other charges under § 506(b)." *In re Gledhill*, 164 F.3d at 1342. We agree with the district court that the allowed secured claim in this case arose from the state court judgment, and, as such, it is not a consensual claim. Wanamaker sued Rivermeadows seeking satisfaction of his judgment lien; his judgment lien was the basis of his claim on property owned by Rivermeadows. After Rivermeadows and Albrecht filed for bankruptcy, Wanamaker and the trustees of the two bankruptcy estates began negotiations to settle the claims against Rivermeadows, which arose from the state court judgment against Albrecht. Because the genesis of the claim against

-5-

Rivermeadows was the nonconsensual judgment against Albrecht, § 506(b) does not provide for fees and costs from the Rivermeadows estate. *See id.*

Wanamaker argues that the settlement agreement was the only agreement between himself and Rivermeadows, and, therefore, that is the agreement under which his claim arose. We disagree with his contention that the district and bankruptcy courts ignored this argument. To the contrary, it is clear that the district court understood Wanamaker's position on this point, but it declined to view the settlement agreement in a vacuum and ignore the events that led to the settlement agreement.

We also agree with the district court that the parties "do not have the ability to bargain away the court's authority under § 506(b), even if they can negotiate their own assessment of a claim." Appellant's App. at 176 (quoting bankruptcy court order at 6). For this reason, the bankruptcy court did not abuse its discretion in approving the settlement agreement with the exception of the attorney fees and costs provision, in order that the court fulfill its statutory obligation to consider the payment of attorney fees and costs pursuant to § 506(b). Wanamaker cites *Continental Airlines, Inc. v. Air Line Pilots Ass'n, Int'l (In re Continental Arilines Corp.)*, 907 F.2d 1500 (5th Cir. 1990), in support of his argument that the bankruptcy court did not have discretion to modify the material terms of the agreement. The holding of that case does not support his argument.

The Fifth Circuit held in that case that Bankruptcy Rule 9019(a) did not give the bankruptcy court "the power to condition its approval of a settlement upon judicial modification of what it perceives to be an 'unfair' negotiated labor settlement *when those labor grounds are unrelated to the substantive provisions of the Bankruptcy Code.* " *Id.* at 1508 (emphasis added). The court determined that, because the labor grounds were unrelated to the substantive provisions of the statutes, "the settlement [agreement] itself [was] the source of the bankruptcy court's authority with respect to the labor provisions of the settlement." *Id.*

Unlike the situation in *In re Continental Airlines Corp.*, here the exception the bankruptcy court made to its approval of the settlement agreement is anything but unrelated to the Bankruptcy Code; it is, in fact, directly related. The bankruptcy court's obligation to assess and approve payment by the estate of attorney fees and costs is dictated by the Code under § 506(b). In fact, if anything, *In re Continental Airlines Corp.* implies that the bankruptcy court in this case did have authority under Rule 9019(a) to approve the settlement agreement with the exception of the provision for attorney fees and costs, the propriety of which it was obligated to evaluate under § 506(b). That particular "modification" had direct bearing on and was, in fact, necessitated by "the court's duties to preserve the estate and to protect its creditors." *In re Continental Airlines Corp.*, 907 F.2d at 1509.

The district court's affirmance of the bankruptcy court's decision is

AFFIRMED.

Entered for the Court

James E. Barrett
Senior Circuit Judge